## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GEORGE D. COLLIER,**

    **Plaintiff,**

**v.**                    **CASE NO:**

**SUNBELT RENTALS, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GEORGE D. COLLIER, (hereinafter "Plaintiff" or "Mr. Collier"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, SUNBELT RENTALS, INC. (hereinafter "Defendant," or "Sunbelt") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on age and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his age, and retaliated against him in violation of his rights under the ADEA and the FCRA.

3.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to

28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.      Plaintiff is a 63-year-old male who will turn 64 years old on April 27, 2025.

9.      Plaintiff is a member of a class protected against discrimination and retaliation based on his age under the ADEA and the FCRA.

10.     During the period from November 8, 2008, until his resignation on March 23, 2025, with an effective date of April 6, 2025, Defendant employed Plaintiff as a National Strategic Account Manager.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state

statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADEA and the FCRA.

13.    The Defendant, SUNBELT RENTALS, INC., is a corporation with its principal place of business located at 1799 Innovation Point, Fort Mill, South Carolina 29715.

14.    At all times material herein, Defendant is a large corporation with over 20,000 employees and more than 1,400 branch locations in the United States, Canada and Bahamas, and regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida and the State of Florida, employing more than 300 employees within 75 miles of Plaintiff's residence.

15.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the ADEA and the FCRA.

16.    Accordingly, Defendant is liable under the ADEA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites

prior to filing the instant lawsuit.

18.    On February 5, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, age discrimination and retaliation.

19.    On February 5, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 511-2025-01674) against Defendant.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    On November 8, 2008, Plaintiff began his employment with

Defendant as a sales representative. In 2012, Defendant promoted Plaintiff to National Strategic Account Manager, a position he held with distinction for over 12 years until his resignation.

23.    Throughout his 16.5-year tenure with Defendant, Plaintiff was a consistently high-performing employee who never received below "meets expectations" on any performance evaluation and never received a single disciplinary action. Plaintiff was recognized as one of the highest revenue producers on his team for 12 consecutive years.

24.    As a National Strategic Account Manager, Plaintiff managed 14 customer accounts, including 8 national customers that generated over $130 million in revenue for Defendant. Plaintiff's notable achievement included growing the Mortenson account from approximately $100,000 to approximate $20+ million over a 10+ year period.

25.    Plaintiff was one of three original team members and, at 63 years old, was the oldest member of his team by over 10 years. Despite his exemplary performance and seniority, Plaintiff's compensation was systematically suppressed compared to younger colleagues with similar or lesser tenure and performance.

26.    In fall 2024, VP Jenelle Strawbridge made discriminatory

comments suggesting that older employees should be replaced with younger ones. Specifically, Ms. Strawbridge suggested replacing Jay Johnson, an employee in his late 50s described as "utmost professional, top producer," with Ryan Fern, an employee in his 30s, to assist with the Mortenson account, stating that Ryan was "closer to their age."

27.    Following Ms. Strawbridge's discriminatory comments, Jay Johnson was removed from the Mortenson Renewable Energy account and replaced by Dave Koester, an employee in his late 30s or early 40s.

28.    On December 2, 2024, during a Teams meeting, Mortenson Construction requested a change in personnel, which Defendant used as a pretext to further marginalize older employees including Plaintiff.

29.    On January 27, 2025, Plaintiff had a contentious phone call with Ed Schlegel, Senior Director of National Accounts, during which Plaintiff raised legitimate concerns about secret meetings being held about the Mortenson account without his knowledge, pay manipulation, and systemic issues within the department.

30.    During this January 27, 2025, conversation, Mr. Schlegel made hostile and discriminatory statements to Plaintiff, including "You must be in a dark place in your life" and "I'm not sure I can have somebody like you on

my team going forward." Mr. Schlegel ended the call by stating, "If I say anything further, it would not be good for you or me."

31.    On January 28, 2025, Mr. Schlegel left a voicemail acknowledging that the previous day's conversation was "contentious," but failed to retract his discriminatory and threatening statements.

32.    On January 30, 2025, Defendant scheduled a secret meeting to discuss the "possible transition" of the Mortenson account without Plaintiff's knowledge or participation, despite the fact that Plaintiff was the primary account manager who had grown this account to $20+ million in annual revenue.

33.    After January 30, 2025, Defendant continued to hold multiple meetings regarding the Mortenson account without inviting Plaintiff or informing him of the meetings, systematically excluding him from key decisions about accounts he managed.

34.    On February 10, 2025, another meeting was held in Minneapolis regarding the Mortenson account to which Plaintiff was not invited, further demonstrating the pattern of exclusion and marginalization.

35.    Throughout 2024 and early 2025, Defendant manipulated Plaintiff's compensation despite his continued high performance. Defendant

withheld commission payments totaling $16,100 from fall 2019 and suppressed Plaintiff's current quarter commission from $34,500 to $19,500.

36.    Defendant made three changes to the compensation plan that disproportionately affected older employees, while younger employees with the same or lesser tenure received substantial salary increases and were permitted to add accounts to grow their portfolios.  Plaintiff repeatedly asked Defendant if he could add more accounts to his portfolio and was denied.

37.    Despite Plaintiff's consistent high performance and revenue generation, he received only one $3,000 raise over 12-13 years, while a younger teammate with the same tenure received a $25,800 raise from 2023 to 2024, bringing that employee's base salary to $170,000.

38.    The discriminatory treatment and hostile work environment created by Defendant's actions caused Plaintiff severe stress and health problems, requiring emergency medical treatment at Tampa General Hospital on March 3, 2025, for stress-induced symptoms including anxiety, sleep difficulties, and elevated blood pressure.

39. On March 5, 2025, Plaintiff requested reasonable accommodation due to his physician's work restrictions prohibiting flying

and long-distance driving. While Defendant granted this accommodation, it was limited to only 10 days, ending March 16, 2025.

40.     The hostile work environment and discriminatory treatment became so intolerable that Plaintiff was forced to resign his position on March 23, 2025, with an effective date of April 6, 2025, citing medical necessity due to the intolerable working conditions.

41.     Defendant's pattern of age discrimination was not limited to Plaintiff but affected other older employees as well, demonstrating a systematic practice of discriminating against employees based on age in favor of younger workers.

42.     When Plaintiff previously raised concerns about his withheld 2019 commission of $16,100, COO John Washburn made threatening statements, telling Plaintiff, "George, we don't pay national account managers that much... If you know what's good for you, won't make an issue of it."

43.     Notably, all thirteen National Strategic Account Managers in Plaintiff's department are over age 40, with ages ranging from 40 to 63, yet Defendant consistently favored younger employees from outside the department for account transitions and management decisions affecting this

protected class.

44.    Defendant's    discriminatory    pattern    extends    beyond

compensation and account management to creating a culture where age-

based    comments    and    decisions    are    normalized    and    accepted    by

management, as evidenced by the lack of corrective action taken after

Plaintiff raised concerns about discriminatory treatment.

45.    Adding to the hostile work environment, Defendant's actions

created    additional    stress    for    Plaintiff    due    to    concerns    about    potential

retaliation against his son, George Wesley Collier, who is also employed by

Defendant as an outside sales representative, creating a coercive dynamic

that further contributed to the intolerable working conditions.

46.    Despite Defendant's size, with over 20,000 employees and more

than    1,400    locations,    and    its    resources    to    implement    proper    anti-

discrimination policies and training, Defendant allowed and perpetuated a

culture    of    age    discrimination    that    systematically    disadvantaged    older,

experienced employees in favor of younger workers.

## COUNT I
## VIOLATION OF ADEA
## DISPARATE TREATMENT / COMPENSATION (ADEA)

47.    Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48.    Plaintiff is an individual over forty (40) years of age and therefore within the class protected by the ADEA.

49.    During Plaintiff's employment, Defendant subjected Plaintiff to adverse employment actions impacting his compensation, including, but not limited to:

a.    Withholding commission payments owed to Plaintiff, including $16,100 from fall 2019;

b.    Suppressing Plaintiff's commission earnings, including reducing a current quarter commission from approximately $34,500 to $19,500;

c.    Implementing changes to the compensation plan that disproportionately harmed Plaintiff and other older National Strategic Account Managers; and

d.    Maintaining Plaintiff's base compensation at artificially suppressed levels while providing substantially greater increases and growth opportunities to younger comparators.

50.    Defendant treated Plaintiff less favorably than similarly situated, substantially younger employees with similar or lesser tenure and performance, including by providing younger employees larger raises, more favorable compensation opportunities, and greater ability to add or grow accounts.

51.    Plaintiff's age was the but-for cause of Defendant's discriminatory compensation actions.

52.    Defendant's conduct constituted unlawful age discrimination in violation of the ADEA, 29 U.S.C. § 623.

53.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including back pay, lost compensation, and restoration of withheld commissions, plus interest, attorney's fees, and costs.

**WHEREFORE**, the Plaintiff, GEORGE D. COLLIER, demands judgment against Defendant and requests the following relief:

A.    Back pay with interest;

B.    Front pay;

C.    Liquidated damages pursuant to 29 U.S.C. § 626(b);

D.    Restoration of withheld commissions in the amount of $16,100 from fall 2019 and $15,000 in current quarter suppressed

commission;

E.    Compensatory damages for emotional distress, mental anguish, and other non-economic injuries;

F.    Attorney's fees and costs pursuant to 29 U.S.C. § 626(b); and

G.    Other such relief as may be appropriate to effectuate the purposes of the ADEA.

## COUNT II
## VIOLATION OF ADEA
## AGE-BASED HOSTILE WORK ENVIRONMENT

54.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

55.    Plaintiff is an individual over forty (40) years of age and therefore within the class protected by the ADEA.

56.    Defendant, through its managerial employees, subjected Plaintiff to unwelcome harassment and hostility based on age, including:

a.    Age-based statements by management reflecting a preference to replace older employees with younger employees because they were "closer to their age";

b.    Marginalizing and excluding Plaintiff from key account

meetings and decision-making regarding accounts he managed and developed;

c.    Hostile and threatening statements by senior leadership in response to Plaintiff raising concerns about pay manipulation and secret meetings; and

d.    A pattern and culture normalizing age-based decisions and comments without corrective action.

57.    The age-based harassment was severe or pervasive and altered the terms and conditions of Plaintiff's employment by creating an intimidating, hostile, and abusive work environment.

58.    Plaintiff's age was the but-for cause of the hostile work environment.

59.    Defendant knew or should have known of the age-based hostile environment and failed to take prompt and effective remedial action.

60.    Defendant's conduct violated the ADEA, 29 U.S.C. § 623.

61.    As a direct and proximate result, Plaintiff suffered damages including lost compensation and other relief available under the ADEA, plus attorney's fees and costs.

**WHEREFORE**, the Plaintiff, GEORGE D. COLLIER, demands

judgment against Defendant and requests the following relief:

    A.    Back pay with interest;

    B.    Front pay;

    C.    Liquidated damages pursuant to 29 U.S.C. § 626(b);

    D.    Restoration of withheld commissions in the amount of $16,100 from fall 2019 and $15,000 in current quarter suppressed commission;

    E.    Compensatory damages for emotional distress, mental anguish, and other non-economic injuries;

    F.    Attorney's fees and costs pursuant to 29 U.S.C. § 626(b); and

    G.    Other such relief as may be appropriate to effectuate the purposes of the ADEA.

## COUNT III
## VIOLATION OF ADEA
## AGE-BASED HOSTILE WORK ENVIRONMENT

62.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

63.    Plaintiff is an individual over forty (40) years of age and therefore within the class protected by the ADEA.

64.    Defendant intentionally created or permitted working conditions—including discriminatory compensation manipulation, exclusion from critical account decisions, age-based replacement comments, and hostile managerial conduct—such that a reasonable person in Plaintiff's position would have felt compelled to resign.

65.    Plaintiff experienced severe stress and health impacts as a result of the intolerable conditions, including emergency medical treatment on or about March 3, 2025, and work restrictions thereafter.

66.    Plaintiff resigned on or about March 23, 2025 (effective April 6, 2025) as a result of the intolerable, age-based discriminatory conditions, constituting a constructive discharge.

67.    Plaintiff's age was the but-for cause of the conditions leading to his constructive discharge.

68.    Defendant's actions violated the ADEA, 29 U.S.C. § 623.

69.    As a direct and proximate result, Plaintiff has suffered damages including back pay, front pay (or reinstatement in lieu thereof), lost benefits, restoration of withheld/suppressed commissions, liquidated damages for willful violation, and attorney's fees and costs.

**WHEREFORE**, the Plaintiff, GEORGE D. COLLIER, demands

judgment against Defendant and requests the following relief:

A.    Back pay with interest;

B.    Front pay;

C.    Liquidated damages pursuant to 29 U.S.C. § 626(b);

D.    Restoration of withheld commissions in the amount of $16,100 from fall 2019 and $15,000 in current quarter suppressed commission;

E.    Compensatory damages for emotional distress, mental anguish, and other non-economic injuries;

F.    Attorney's fees and costs pursuant to 29 U.S.C. § 626(b); and

G.    Other such relief as may be appropriate to effectuate the purposes of the ADEA.

## COUNT IV
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### DISPARATE TREATMENT / COMPENSATION

70.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

71.    Plaintiff is an individual forty (40) years of age or older and therefore within the class protected by the Florida Civil Rights Act.

72.     During Plaintiff's employment, Defendant subjected Plaintiff to adverse employment actions impacting his compensation, including, but not limited to:

      a.    Withholding commission payments owed to Plaintiff, including $16,100 from fall 2019;

      b.    Suppressing Plaintiff's commission earnings, including reducing a current quarter commission from approximately $34,500 to $19,500;

      c.    Implementing changes to the compensation plan that disproportionately harmed Plaintiff and other older National Strategic Account Managers; and

      d.    Maintaining Plaintiff's base compensation at artificially suppressed levels while providing substantially greater increases and growth opportunities to younger comparators.

73.     Defendant treated Plaintiff less favorably than similarly situated, substantially younger employees with similar or lesser tenure and performance, including by providing younger employees larger raises, more favorable compensation opportunities, and greater ability to add or grow

accounts.

74.    Plaintiff's age was a substantial motivating factor in Defendant's discriminatory compensation actions and, further, Plaintiff would not have been subjected to those actions but for his age.

75.    Defendant's conduct constitutes unlawful age discrimination in violation of the FCRA, Fla. Stat. § 760.10.

76.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including lost wages, lost benefits, withheld commissions, diminished earning capacity, and other economic losses, as well as non-economic damages.

**WHEREFORE**, the Plaintiff, GEORGE D. COLLIER, demands judgment against Defendant and requests the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension

and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## AGE-BASED HOSTILE WORK ENVIRONMENT

77.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

78.    Plaintiff is an individual forty (40) years of age or older and therefore within the class protected by the Florida Civil Rights Act.

79.    Defendant, through its managerial employees, subjected Plaintiff to unwelcome harassment and hostility based on age, including:

    a.    Age-based statements by management reflecting a preference to replace older employees with younger employees because they were "closer to their age";

    b.    Marginalizing and excluding Plaintiff from key account meetings and decision-making regarding accounts he managed and developed;

    c.    Hostile and threatening statements by senior leadership in response to Plaintiff raising concerns about pay manipulation and secret meetings; and

    d.    A pattern and culture normalizing age-based decisions

and comments without corrective action.

80.    The age-based harassment was severe or pervasive and altered the terms and conditions of Plaintiff's employment by creating an intimidating, hostile, and abusive work environment.

81.    Plaintiff's age was a substantial motivating factor in the hostile work environment and, further, Plaintiff would not have been subjected to the hostile work environment but for his age.

82.    Defendant knew or should have known of the age-based hostile environment and failed to take prompt and effective remedial action.

83.    Defendant's conduct violated the FCRA, Fla. Stat. § 760.10.

84.    As a direct and proximate result, Plaintiff suffered damages including economic losses and non-economic damages, including emotional distress.

**WHEREFORE**, the Plaintiff, GEORGE D. COLLIER, demands judgment against Defendant and requests the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the

individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.  Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.  Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.  Award Plaintiff pre- and post-judgment interest;

F.  Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.  Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## CONSTRUCTIVE DISCHARGE BASED ON AGE DISCRIMINATION

85.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

86.    Plaintiff is an individual forty (40) years of age or older and therefore within the class protected by the Florida Civil Rights Act.

87.    Defendant intentionally created or permitted working conditions—including discriminatory compensation manipulation, exclusion from critical account decisions, age-based replacement comments, and hostile managerial conduct—such that a reasonable person in Plaintiff's position would have felt compelled to resign.

88.    Plaintiff experienced severe stress and health impacts as a result of the intolerable conditions, including emergency medical treatment on or about March 3, 2025, and work restrictions thereafter.

89.    Plaintiff resigned on or about March 23, 2025 (effective April 6, 2025) as a result of the intolerable, age-based discriminatory conditions, constituting a constructive discharge.

90.    Plaintiff's age was a substantial motivating factor in the conditions that caused the constructive discharge and, further, Plaintiff would not have been constructively discharged but for his age.

91.    Defendant's conduct violated the FCRA, Fla. Stat. § 760.10.

92.    As a direct and proximate result, Plaintiff has suffered damages including back pay, front pay (or reinstatement in lieu thereof), lost benefits, withheld/suppressed commissions, compensatory damages including emotional distress, and other relief available under the FCRA, plus attorney's fees and costs.

**WHEREFORE**, the Plaintiff, GEORGE D. COLLIER, demands judgment against Defendant and requests the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate

nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff respectfully requests a trial by jury.

Date this 10th day of March 2026.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com